972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond C. MARQUEZ, Plaintiff-Appellant,
v.
EMERY COUNTY JUSTICE COURT and J.P. Stan Truman, Defendants-Appellees.
 No. 91-4232.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Raymond C. Marquez appeals from the dismissal of his 42 U.S.C. § 1983 suit filed pro se against Justice of the Peace Stan Truman and the Emery County Justice's Court for the State of Utah. He also appeals the denial of his attempt to join as additional defendants Scott Johansen, the County Attorney of Emery County, and Deputy County Attorney, Mary L. Gomez.
 
 
 4
 Marquez was convicted in absentia and fined $265 by Justice Truman for alcohol related offenses. He alleges that this conviction violated his Due Process rights as well as his Sixth Amendment right to a speedy trial, and he seeks compensatory and punitive damages. The district court, adopting the report and recommendation of the Magistrate Judge, dismissed the action pursuant to 28 U.S.C. § 1915(d) because the suit was barred by: (1) judicial immunity and (2) the Eleventh Amendment. Order of Nov. 15, 1991 at 2. The district court denied petitioner's motion to amend his complaint and name the prosecutors as additional persons because suit against those parties would be barred by prosecutorial immunity. Id.
 
 
 5
 We review the dismissal of a suit under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1228, 1234 (1992). A judge has absolute immunity in civil rights actions from liability based on judicial actions. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Mee v. Ortega, 967 F.2d 423, 425 (10th Cir.1992). The Eleventh Amendment presents an independent bar to the suit against Justice Truman for the reasons and authorities cited by the Magistrate Judge. Likewise, prosecutors enjoy absolute immunity for § 1983 suits. Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 6
 Marquez only seeks damages in his complaint. However, he makes certain representations suggesting that the acts complained of resulted in his being in custody. To the extent his complaint challenges his confinement, it also lacks an arguable basis. 42 U.S.C. § 1983 suits are not the appropriate method for seeking relief from illegal confinement. That role is reserved for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 486, n. 7 (1973). And, a litigant must exhaust all state remedies before pursuing any claims in federal court. Rose v. Lundy, 455 U.S. 509, 520 (1982).
 
 
 7
 We AFFIRM the dismissal of Marquez's complaint for substantially the same reasons set forth in the Magistrate Judge's Report and Recommendation and the district court's Order Affirming the Report and Recommendation of the Magistrate and Dismissing Plaintiff's Complaint. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3